1 | Christopher W. Sweeney (SBN 143217)
LAW OFFICES OF CHRISTOPHER W. SWEENEY
2 | 1300 Oliver Road, Suite 300
Fairfield, CA  94534
3 | Telephone: (707) 435-1244
Facsimile:  (707) 435-1245
4 | Email: cwslaw@comcast.net

5 | Attorney for Plaintiffs
CORY PHILLIPS and KRISTEN PHILLIPS

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10

11 | CORY PHILLIPS and KRISTEN PHILLIPS,      )     **Case No. 2:12-CV-02044-GEB-DAD**
                                           )     **(E-filing)**
12 |                     Plaintiffs,            )
                                           )
13 |          vs.                              )     **STIPULATED JUDGMENT**
                                           )
14 | JERRY W. GARRETT, CAROLYN S.            )
GARRETT, individually and as Trustees of the )
15 | GARRETT FAMILY TRUST 10/27/1989,        )
FOURSONS, LLC, a California Limited Liability )
16 | Company, NORTH VALLEY BANK, U.S.        )
SMALL BUSINESS ADMINISTRATION, all      )
17 | persons unknown, claiming any legal or equitable )
right, title, estate, lien or interest in the property )
18 | described in the complaint adverse to Plaintiff's )
title and DOES 1 THROUGH 50, inclusive,  )
19 |                                           )
                    Defendants.             )
20 | _____ )
                                           )
21 | AND RELATED CROSS-ACTION                )
    _____ )

22

23 |          The undersigned parties to this action, by and through their counsel, pursuant to a settlement

24 | reached by said parties, hereby stipulate and agree to the entry of judgment in this action as follows:

25 | 1.       Plaintiffs and defendant Foursons, LLC shall execute, in recordable form, the *Easement and*

26 |          *Maintenance Agreement* in the form attached hereto as Exhibit "A", which shall be recorded

27 |          by Plaintiffs in the Official Records of the County of Solano, State of California.

28

2.    Defendants North Valley Bank and US Small Business Administration shall subordinate their security interests in defendant Foursons, LLC's real property to the easement created under the Easement and Road Maintenance Agreement, by execution, in recordable form of the Subordination Agreements agreement in the form attached hereto as group Exhibit "B", which agreements shall be recorded by Plaintiffs in the Official Records of the County of Solano, State of California.

3.    This Court shall retain jurisdiction for a period of 90 days from entry of this judgment, or until all the terms of the settlement have been completed, to enforce the terms of the parties' settlement.  After entry of this judgment, Plaintiffs shall have the right, at their option, to file a motion to remand the claims against defaulted defendants, Jerry W. Garrett and Carolyn S. Garrett, to the state court for purposes of pursuing default judgment proceedings against said defendants only.

Dated: March 13, 2014          LAW OFFICES OF
                                    CHRISTOPHER W. SWEENEY


By:    /s/ Christopher W. Sweeney        
           Christopher W. Sweeney
           Attorney for Plaintiffs Cory and Kristen
           Phillips


Dated: March 13, 2014          Pamela C. Jackson, Inc.


By::    /s/ Pamela C. Jackson           
           Pamela C. Jackson
           Attorney for Defendant, Foursons, LLC

Dated: March 13, 2014                    Fidelity National Law Group


                                         By:___/s/ Carl Paganelli_____ __
                                             Carl Paganelli
                                             Attorneys for Defendant,
                                             U.S. small Business Administration

Dated: March 13, 2014                    NOSSAMAN LLP


                                         By:____/s/Kevin T. Collings_____
                                             Kevin T. Collins
                                             Attorneys for Defendant,
                                             North Valley Bank


        IT IS SO ORDERED.

Dated:  May 1, 2014




                                         _____
                                         GARLAND E. BURRELL, JR.
                                         Senior United States District Judge

**STIPULATED JUDGMENT - CASE NO. 2:12-CV-02044-GEB-DAD (E-filing)**
496298.3

# EXHIBIT "A"

# Easement and Maintenance Agreement

**RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:**

Nossaman LLP
Kevin T. Collins,Esq.
621 Capitol Mall, 25th Floor
Sacramento, California 95814

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## EASEMENT AND MAINTENANCE AGREEMENT

This Easement and Maintenance Agreement ("**Agreement**"), dated as of March ___, 2014, is entered into by and between FOURSONS, LLC, a California limited liability company ("**Grantor**"), and CORY PHILLIPS and KRISTEN PHILLIPS, husband and wife (collectively, "**Grantee**") and each a "**party**" and collectively, the "**parties,**" with reference to the following facts:

### Recitals

A.  Grantor owns that certain real property located in the City of Fairfield, County of Solano, State of California, with Assessor's Parcel Number 0045-300-230, as more particularly described as Parcel 4 on Exhibit B attached hereto and incorporated herein by this reference ("**Grantor's Property**").

B.  Grantee is the owner of that certain real property located in the City of Fairfield, County of Solano, State of California, with Assessor's Parcel Number 0045-300-220, as more particularly described as Parcel 3 on Exhibit A attached hereto and incorporated herein by this reference ("**Grantee's Property**").

C.  The Grantor's Property is encumbered by the following deeds of trust: (i) that certain Construction Deed of Trust dated September 16, 2008 and recorded on September 22, 2008, with Instrument Number 200800076400 in favor of North Valley Bank; and (ii) that certain Deed of Trust dated May 4, 2009 and recorded on June 9, 2009, with Instrument Number 200900048278 in favor of the US Small Business Administration (assignee of Bay Area Employment Development Company) (collectively, "**Existing Encumbrances**").  This Agreement is intended to be senior to the Existing Encumbrances notwithstanding the fact that this Agreement will be recorded subsequent thereto, as such, as a condition hereto, the parties will cause to be executed certain subordination agreements by the foregoing secured parties concurrently herewith.

D.  Grantor enters into this Agreement for the purpose of providing Grantee with legal access over the driveway located across the Grantor's Property from the public road known as Grobric Court and to establish the maintenance obligations with respect to such easement.

NOW THEREFORE, in consideration of the mutual covenants contained herein, the parties agree as follows:

**<u>Agreement</u>**

1. <u>Easement</u>.

(a) <u>Grant of Driveway Access Easement</u>.  Grantor hereby grants to Grantee, for the benefit of Grantee, and each of Grantee's successors, assigns, employees, tenants, and invitees, and for the benefit of Grantee's Property, a nonexclusive easement for ingress and egress of vehicular and pedestrian traffic upon, over, and across that portion of the Grantor's Property located within the easement area described and depicted on <u>Exhibit C</u> attached hereto and incorporated herein by this reference (**"Easement Area"**) including, without limitation, the right to use the Easement Area for access to, and loading and unloading of delivery vehicles from and through, roll up/entry doors to the portion of Grantee's building directly adjacent to the Easement Area.  Notwithstanding the foregoing, for clarity purposes, the foregoing easement is for driveway access purposes only and does not grant any other rights except as expressly set forth herein, and shall not be interpreted to provide any other rights to Grantee, including, without limitation, any rights with respect to (i) parking in the Easement Area, for (ii) for storage purposes of any type in the Easement Area, whether trash receptacles or any other personal property.

(b) <u>Nonexclusive Easement; Duration</u>.  The access easement granted herein shall be nonexclusive, appurtenant to the land, and shall benefit the Grantee's Property as the dominant tenement and burden the Grantor's Property as the servient tenement in perpetuity.

(c) <u>Reservation of Rights</u>.  Subject to the access easement in favor of Grantee hereunder, Grantor reserves unto itself and its successors, assigns, employees, tenants and invitees, all remaining rights in and to the Easement Area, and reserves the right to use the Easement Area for all its intended purposes, including all such rights afforded Grantor as the owner of such parcel, including the right to use the Easement Area for ingress and egress to Grantor's Property, and the right to grant any future easements, rights or interests in the Easement Area for any purpose that does not unreasonably interfere with the use of the Easement Area by Grantee for driveway purposes as described in this Agreement.

(d) <u>Reasonable Use</u>.  Grantee shall not use or permit the use of any easements granted under this Agreement in any manner that will unreasonably interfere with Grantor's use and enjoyment of its property and rights of way.

2. <u>Prior Easements</u>.  The Easement Area or a portion thereof, and an area on Grantee's Property directly adjacent to the Easement Area, is or may already be subject to various easements or rights of way for ingress and egress, whether recorded or prescriptive, implied or otherwise, and whether pursuant to agreement or a reservation of rights or a grant deed, including an easement created by that certain Grant Deed, recorded on December 31, 1985, in the Official Records of Solano County as instrument number 62355, but excluding any public utility easements affecting such parcels (collectively, "**Prior Easements**").  The parties hereby agree that any and all such Prior Easements are hereby extinguished and terminated and shall be of no further force or effect and neither party shall make any claims or assert any rights thereunder.

3.  <u>Covenants, Conditions, and Restrictions</u>.

(a)  <u>Repair or Maintenance of Easement Area</u>.  Grantor shall keep the Easement Area in good condition, maintenance and repair subject to the provisions of <u>Section 7</u> below. The expenses that arise for the reasonable upkeep, maintenance or repair of the Easement Area shall be shared equally by Grantor and Grantee.  Grantor shall submit an invoice for the costs and expenses of such maintenance and repair of the Easement Area and Grantee shall promptly pay its share of the same, all as further set forth in <u>Section 7</u> below.

(b)  <u>Excessive Use</u>.  Notwithstanding the provisions set forth above and subject to <u>Section 7</u> below, any extraordinary use caused by Grantee or its successors, assigns, employees, tenants, and invitees that results in excessive wear or damage to the Easement Area beyond ordinary wear and tear shall, at the election of Grantor, be (i) promptly repaired by Grantee or, (ii) Grantee shall promptly reimburse Grantor for the reasonable cost to repair such excessive wear or damage.

(c)  <u>Covenants To Run With Land</u>.  Each of the covenants, conditions and restrictions in this Agreement shall benefit and burden the dominant and servient estate described herein, shall be appurtenant to and shall constitute covenants that run with the land in accordance with Title III of the California Civil Code found in California Civil Code Sections 1457 through 1471, including without limitation Civil Code Section 1468.  The terms, covenants, conditions and restrictions contained in this Agreement shall be enforceable as running covenants and as equitable servitudes in any manner provided by law, or in equity

4.  <u>Insurance.</u>  Both Grantor and Grantee shall maintain property and liability insurance for the Easement Area and its intended activities thereon and shall provide evidence of such insurance to the other party.

5.  <u>No Public Dedication</u>.  Nothing herein shall be deemed to be a gift or dedication of any portion of the Easement Area or any other portion of Grantor' parcel to the general public or for any public purposes whatsoever.  It is the intention of Grantor that this Agreement be strictly limited to and for the purposes herein expressed.

6.  <u>Mortgagee Protection</u>.  Except as otherwise specifically set forth in this Agreement or as to the Existing Encumbrances, this Agreement shall at all times be prior and superior to the lien of any mortgage or deed of trust on the Grantor's Property.  Notwithstanding the foregoing, the holder of any mortgage or deed of trust presently encumbering any parcels described herein or hereafter entered into in good faith and for value shall not, solely by virtue of the lien or security interest held by such holder with respect to any parcel described herein, incur any liability hereunder or be required to make any payment or perform any obligation hereunder which the Grantor of such parcel are required to pay or perform; provided, however, that if such holder or any third party purchaser shall acquire such parcel at a foreclosure sale or by deed in lieu thereof, such holder or purchaser shall thereafter be obligated to make all payments which become due and owing hereunder following the date of such acquisition and to perform all obligations under this Agreement which relate to any period of time following the date of such acquisition.

7.  Maintenance; Sharing of Costs.

(a)  Maintenance Obligations.  Grantor, for itself, and for its successors and assigns, agrees that, subject to the sharing of costs as set forth herein-below, the Grantor shall perform, or cause to be performed, the Ordinary Maintenance (as defined below in this subsection) of all hardscaped and landscaped surfaces, located currently within the Easement Area.  As used in this Easement Agreement, "**Ordinary Maintenance**" shall mean all maintenance, repairs, and replacement of the Easement Improvements occasioned by: (a) ordinary use and normal wear and tear of the Easement Improvements; (b) acts or omissions by persons other than the parties or their employees, contractors, agents, tenants, invitees, guests, or licensees (whether or not insured); and/or (c) forces or events beyond the reasonable control of the parties (whether or not insured).

(b)  Sharing of Costs.  The Grantor and Grantee shall each pay one-half (1/2) of the costs of Ordinary Maintenance within the Easement Area.  Grantor shall provide written notice to Grantee of any Ordinary Maintenance to the easement which Grantor believes needs to be performed, and shall supply, with said notice, a bid from a properly licensed and qualified contractor intended by Grantor to be engaged to perform the work.  Grantee shall have 15 calendar days to approve or disapprove the proposed maintenance cost thereof.  Grantee shall not unreasonably refuse to agree to Ordinary Maintenance items.  If Grantee believes the cost of said maintenance is too high, Grantee shall provide a bid from a properly qualified and licensed contractor proposing a lower price, but only if said price is at least 10% lower than the price proposed by Grantor.  If the price is not at least 10% lower than the price proposed by Grantor, Grantee will not object to Grantee's price.  Either party may look into the credit worthiness, license status, discipline record bond status or bond qualifications of any proposed contractor, and may reasonably object thereto, if appropriate.  The foregoing procedures shall not apply to any Ordinary Maintenance expenses that do not exceed $1,000 in the aggregate within a calendar year, and Grantee shall pay its share of the same promptly upon receipt of an invoice for the same from Grantor, provided that (1) Grantor shall provide Grantee at least thirty (30) days prior written notice of the nature, scope and proposed cost of such work, and (2) Grantor shall provide to Grantee with the invoice for such work, receipts, work orders and/or contracts evidencing the completion of such work by an independent third party, together with evidence that Grantor has first paid its 50% share of such work.  All amounts shall be paid promptly when invoiced and in no event later than thirty (30) days after receipt of an invoice, and if no so paid, shall bear interest at the rate of 10% per annum from the date of the invoice until paid.

(c)  Excessive Wear/Damage to Area.  Notwithstanding any provision of this Agreement to the contrary, the Grantee shall be solely obligated to pay the costs of any maintenance, repairs or replacement of any Easement Improvements or of any other improvements to, or portions of, the Easement Area occasioned by damage or excessive wear and tear thereto, or by the negligence, willful misconduct, or intentional acts of, Grantee or any of its employees, contractors, agents, tenants, guests or licensees.  Grantee shall pay these costs within thirty (30) days after receipt of the invoices for the same; provided, however, that in any such instance, the Grantee may, in the alternative, elect to perform and pay for the costs of any such maintenance, repairs or replacement, and the Grantee shall then have a temporary and nonexclusive license to enter upon Grantor's Property to the extent reasonably necessary to perform any such work.

(d)  Late Payments and Interest.  Any amount not paid by Grantee within thirty (30) days after receipt of an invoice shall upon verification of Grantor's payment of such maintenance expense be subject to a liquidated damage, the true nature and extent of actual damage being difficult to determine, equal to 10% of the overdue amount.  In addition, any amount due but not paid by Grantee within thirty (30) days following receipt shall thereafter accrue interest at the lesser of the legal rate or 7% per annum, whichever is greater, until fully paid from the invoice date.  Failure of the Grantee to pay the full amount of any invoice within sixty (60) days following receipt shall constitute a default by Grantee under this Agreement. Any amount remaining unpaid for sixty (60) days following receipt of the documentation establishing the amount due by Grantee therefor, plus late charges and accrued interest, in addition to any other rights of the parties hereto at law or in equity, shall be and become a ground for suit and collection action by Grantor against Grantee but only upon 10 day written notice by Grantor to Grantee of Grantor's intent to sue.  The prevailing party in any such action will be entitled to an award of reasonable attorney's fees and costs required to collect the delinquent sum, so long as proper pre-suit notice is given Grantee.  Nothing contained in this Agreement shall be construed to allow either party to expand or decrease the easement area as it currently exists or to improve said easement area beyond its current condition (i.e., change the surface from asphalt to concrete etc) without the prior, written, consent of the other party hereto.

8.  Hazardous Materials.  The parties agree that they shall not use or transport, or permit or cause to be used or transported, any unauthorized Hazardous Materials (as defined below) over, under, on, across, or through the area of any easement granted to the easement holder under this Agreement except as permitted by, and in strict compliance with, all applicable federal, state, and local laws, statutes, ordinances, regulations, guidelines, orders, judicial and administrative decisions, and any applicable insurance requirements.  In no event shall an easement holder store, release, or dispose of any unauthorized Hazardous Materials over, under, on, across, or through the area of any easement granted to the easement holder under this Agreement.  As used in this Agreement, "**Hazardous Materials**" shall mean any material or substance defined or regulated as a hazardous or toxic material, waste, or substance under any federal, state, or local law, statute, ordinance, regulation, guideline, order, judicial or administrative decision, and/or any applicable insurance policy presented in effect or as may be modified from time to time after the date of this Agreement, and shall specifically include, but not be limited to, petroleum products and byproducts.

9.  Indemnity.  Each party (Indemnitor) agrees to indemnify, defend, and hold harmless each other party and such other party's officers, directors, shareholders, employees, contractors, licensees, tenants, agents, and representatives (individually and collectively, indemnitee) from and against any claims, demands, actions, proceedings, liabilities, losses, damages, liens (including mechanic's liens but excluding any lien otherwise authorized and provided for by this Agreement), costs and expenses (including court costs and reasonable attorney's, expert's, and consultants' fees and costs) of any nature whatsoever, at law or in equity (collectively, "**Claims**") arising directly or indirectly out of or relating to (a) any act or omission of a party hereto, their agents, servants employees, invitees, guests, officers or directors, in connection with the use of any easement or license granted to Indemnitor under this Agreement resulting from; (b) the negligence, willful misconduct, or intentional act of Indemnitor or any of Indemnitor's employees, contractors, agents, tenants, or licensees; (c) the use, transport, storage, release, or disposal of any unauthorized Hazardous Materials by Indemnitor or any employee,

contractor, licensee, tenant, or agent of any Indemnitor, (d) any breach of Indemnitor's obligations under this Agreement, and (e) any tort claims arising from or related to the use of the Easement Area by an Indemnitor or any of its employees, invitees, or tenants.  Indemnitor's obligations under this section shall not extend any Claims to the extent such Claims arise from the negligence, willful misconduct, or intentional act of any Indemnitee.  This indemnity agreement shall not be construed to confer third party beneficiary status on any party other than the Grantor or Grantee, their heirs, successors and/or assigns.   The parties waive all known and unknown rights and release all claims and causes of action whether now or hereinafter in existence that any of said Parties may have against the Small Business Administration ("SBA") and North Valley Bank ("NVB") in relation to the specific indemnity obligations, arbitration, or property and liability insurance requirements in said Easement and Maintenance Agreement including the right, if any, to indemnification, arbitration, or insurance, in the event the SBA and/or NVB acquires title to the property through a foreclosure or other means.

     10.  <u>Default and Remedies</u>.

     (a)  <u>Default</u>.  Upon any material default of any provision of this Agreement by any party, any other party may serve written notice describing such default to such defaulting party.  If such default is not cured within thirty (30) days after such written notice, such breaching party shall be in default of this Agreement.

     (b)  <u>Remedies</u>.  A default under this Agreement may be enforced by any party.  Any such party, in addition to any remedies it may have at law or in equity, shall have the right to perform such obligation on behalf of such defaulting party and be reimbursed by such defaulting party for the cost of performance thereof, together with interest at the maximum rate allowed by law.

     (c)  <u>Failure to Enforce Not a Waiver</u>.  The failure of any party or parties to insist upon the strict performance of any covenant, condition, or restriction in this Agreement shall not be construed as a waiver of any future breach of such provisions.

     11.  <u>General Provisions</u>.

     (a)  <u>Effective Date</u>.  This Agreement shall become effective only when signed and delivered by the parties and recorded in the Solano County Records.

     (b)  <u>Assumption by New Grantor; Estoppel Certificate</u>.  In the event either party shall convey its fee interest in all or a portion of the parcels described herein, on such a conveyance, the party acquiring such interest shall be automatically deemed to have assumed all obligations thereafter to be performed with respect to its property hereunder.  In furtherance thereof, the parties agree to deliver an estoppel certificate with respect to this Agreement no later than thirty (30) days after receipt of a request from either party.  The parties agree that such estoppel certificate shall state, at a minimum, that this Agreement has not been modified, or if modified stating the nature of the modification, that this Agreement is in full force and effect and shall identify any monetary or other obligations then due or unperformed, together with any additional information regarding this Agreement as may be reasonably set forth in the request.

(c)  <u>Arbitration of Disputes</u>.  The parties to this Agreement agree that any controversy, dispute or claim arising out of or relating to the provisions of this Agreement or the parties' mutual rights and obligations arising heretofore or hereafter under this Agreement, or the performance of any of the terms, conditions, covenants, representations or warranties contained in this Agreement, shall be finally settled by binding arbitration in accordance with and under the rules of practice and procedure for arbitration hearings of Judicial Arbitration and Mediation Services, Inc. (**"JAMS"**) or its successor in the City of Sacramento.

(d)  <u>Attorneys' Fees</u>.  Each party shall bear its own attorneys' fees and expenses in the preparation and review of this Agreement.  In the event that any party hereto institutes an action (including, but not limited to any arbitration or dispute resolution process) or proceeding for a declaration of the rights of the parties under this Agreement, for injunctive relief, for an alleged breach or default of, or any other action arising out of this Agreement or the transactions contemplated hereby, the non-defaulting party or prevailing party shall be entitled to its actual attorneys' fees and to any court costs incurred in addition to any other damages or relief awarded.

(e)  <u>Successors</u>.  This Agreement is and shall be binding upon and shall inure to the benefit of each of the parties hereto and their respective successors, assigns, heirs, administrators, executors, and legal representatives.

(f)  <u>Governing Law</u>.  This Agreement is governed by the laws of the State of California.

(g)  <u>Duration</u>.  Unless otherwise cancelled or terminated, the terms of this Agreement shall continue in perpetuity.

(h)  <u>Further Assurances</u>.  Each of the parties hereto agrees to execute and deliver all further documents and to take all further actions reasonably necessary or appropriate to effectuate the purposes of this Agreement.

(i)  <u>Entire Agreement</u>.  This Agreement contains the entire agreement of the parties relative to the matters provided for herein.  No representations, inducements, promises, or agreements have been made or relied upon in connection with this Agreement by any party or anyone acting on behalf of any party, other than as expressly set forth in this Agreement.

(j)  <u>No Partnership; No Beneficiaries</u>.  This Agreement and any further documents or actions executed by the parties in connection with this Agreement shall not create nor be deemed to create any joint venture or partnership between the parties or to render the parties joint venturers or partners.  This Agreement is made solely for the benefit of the parties to this Agreement and their respective successors or assigns, and no other person or entity, or third party beneficiary, shall have or acquire any rights or remedies under this Agreement.

(k)  <u>Notices</u>.  All notices under this Agreement shall be in writing and sent by (a)certified or registered mail, return receipt requested, in which case notice shall be deemed delivered three (3) business days after deposit, postage prepaid in the United States Mail, (b) by a nationally recognized overnight courier, in which case notice shall be deemed delivered one (1)

business day after deposit with that courier, or (c) facsimile, email, or similar means, if a copy of the notice is also sent by United States Mail, as follows:

|                  |                          |
|------------------|--------------------------|
| To Grantor:      | Foursons, LLC            |
|                  | 167 Grobric Court        |
|                  | Fairfield, CA  94534     |
|                  |                          |
| To Grantee:      | Cory and Kristen Philips |
|                  | P.O. Box 26              |
|                  | Englewood, FL  34295     |

(l)  <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which when taken together shall constitute one and the same agreement.

(m)  <u>Recitals</u>.  The parties acknowledge the accuracy of the Recitals set forth above, which are hereby incorporated into this Agreement.

(n)  <u>Amendment</u>.  This Agreement may be amended, modified, or supplemented only by a writing signed by all the parties hereto.

[Signatures on Next Page]

IN WITNESS WHEREOF, the parties hereto executed this Agreement on the dates set forth below.

**GRANTOR:**                                              **GRANTEE:**

**FOURSONS, LLC,** a California limited
liability company

_____
                                                                 Cory Phillips, an individual

By:_____
        Brian Schneider, Managing Member

Date:_____        _____
                                                                 Kristen Phillips, an individual

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _____

On _____, before me, _____,
                                                                 (insert name and title of officer)
personally appeared _____,
who proved to me on the basis satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under Penalty of Perjury under the laws of the State of California that the
foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature:_____        (Seal)

# Exhibit "A"

# (Legal Description of Plaintiff's Property)

the following described property in the  City of **Fairfield**, County of **Solano**, State of **California**:

**PARCEL 3, AS SHOWN ON THAT CERTAIN PARCEL MAP FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF SOLANO COUNTY ON NOVEMBER 2, 1977 IN BOOK 14 OF PARCEL MAPS, AT PAGES 12 AND 13.**

# Exhibit "B"

# (Legal Description of FOURSON's Property)

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SOLANO, CITY OF FAIRFIELD, AND IS DESCRIBED AS FOLLOWS:

PARCEL ONE:

PARCEL 4, AS THE SAME IS SHOWN ON THAT CERTAIN MAP ENTITLED "PORTION OF THE LEWIS MANGELS RANCH IN PORTION OF SECTION 6, T. 4 N, R. 2 W., AND PORTION OF SECTION 1, T. 4 N., R. 3 W., M.D.B.&M, AND BEING A SUBDIVISION OF PARCEL 'A' 11 P.M. 57, CITY OF FAIRFIELD, SOLANO COUNTY, CALIFORNIA", FILED NOVEMBER 2, 1977 IN BOOK 14 OF PARCEL MAPS, PAGE 12, SOLANO COUNTY RECORDS.

PARCEL TWO:

A NON-EXCLUSIVE EASEMENT FOR ACCESS AS AN APPURTENANCE TO PARCEL ONE ABOVE DESCRIBED OVER THAT PORTION OF PARCEL 5 AS SHOWN ON THAT CERTAIN MAP ENTITLED "PORTION OF THE LEWIS MANGELS RANCH IN PORTION OF SECTION 6, T. 4 N, R. 2 W., AND PORTION OF SECTION 1, T. 4 N., R. 3 W., M.D.B.&M, AND BEING A SUBDIVISION OF PARCEL 'A' 11 P.M. 57, CITY OF FAIRFIELD, SOLANO COUNTY, CALIFORNIA", FILED NOVEMBER 2, 1977 IN BOOK 14 OF PARCEL MAPS, PAGE 12, SOLANO COUNTY RECORDS, LYING WITHIN THE PARCEL OF LAND DESIGNATED "35 FT. PRIVATE ACCESS EASEMENT APPURTENANT TO LOTS 4 AND 5", AS SHOWN ON SAID MAP.

PARCEL THREE:

AN EASEMENT FOR INGRESS, EGRESS AND UTILITY PURPOSES AS AN APPURTENANCE TO PARCEL ONE ABOVE DESCRIBED OVER THE SOUTHWESTERLY 12.5 FEET OF PARCEL 5, AS SAID PARCEL IS SHOWN ON THAT CERTAIN PARCEL MAP FILED NOVEMBER 2, 1977 IN BOOK 14 OF PARCEL MAPS, PAGE 12, SOLANO COUNTY RECORDS.

PARCEL FOUR:

A PRIVATE STORM DRAIN EASEMENT, APPURTENANT TO PARCEL ONE ABOVE, AS DESCRIBED IN THE GRANT OF EASEMENT EXECUTED BY GOODWILL INDUSTRIES OF THE GREATER EAST BAY, INC. TO WWCH 1 LLC, RECORDED JULY 25, 2007, INSTRUMENT NO. 200700081895, SOLANO COUNTY RECORDS.

A.P.N. 0045-300-230

# EXHIBIT "C"
# DESCRIPTION OF EASEMENT

October 16, 2013
#08-07-025

**EXHIBIT A**
**DESCRIPTION**
**Access Easement**
**Portion of Parcel 4, Book 14 Parcel Maps, Page 12**
**City of Fairfield, Solano County, California**

An easement for purposes of vehicular and pedestrian ingress and egress, loading and unloading over and upon certain real property situate within the City of Fairfield, County of Solano, State of California, said real property being a portion of Parcel 4 as said parcel is shown on the map entitled "PARCEL MAP, portion f the Lewis Mangels Ranch, etc.", filed November 2, 1977 in Book 14 of Parcel Maps at Pages 12 and 13 in the Office of the County Recorder of Solano County California, said portion of Parcel 4 being particularly described as follows:

Beginning for reference at the westernmost corner of said Parcel 4 referred to hereinabove; thence North 59° 55' 20" East along the northwestern boundary line of said Parcel 4 as shown on said Parcel Map, 176.40 feet to an angle point in said northwestern line; thence continuing along said northwestern boundary line of Parcel 4, North 27° 23' 06" East, 22.00 feet; thence leaving said northwestern line, South 30° 04' 40" East, 41.83 feet; thence South 59° 55' 20" West, 194.95 feet; and thence North 30° 04' 40" West, 30.00 feet to the Point of Beginning.

The above described parcel of land contains an area of 5,958 square feet, more or less.

This real property description was prepared by me in conformance with the Professional Land Surveyors Act.

Sudhir K. Chaudhary

2 - 28 -14
Date

# EXHIBIT B
## Access Easement



Scale: 1"=60'

NOTE:
SURVEY FOR
APN 0044-080-220
WAS PERFORMED ON
JULY 30, 2008.

LEGEND

$^{DI}$ ⊡   DRAIN INLET

░░   ACCESS EASEMENT

$^{FH}$⊣O⊢   FIRE HYDRANT

$^{WM}$☐   WATER METER

APN 0044-080-220

3
Existing Building

PARKING

GROERIC COURT

5

N 59'55'20" E
176.40'

N 27'23'06" E
22.00'

S53'04'40"E
41.83'

N 59'55'20" E   194.95

N 30'04'40" W
30.00'

FH WM

DI   VALLEY GUTTER   DI
PARKING

4
EXISTING BUILDING

ENTRANCE

APN 0044-080-230

NOTE:
A TOPOGRAPHIC MAPPING
SURVEY FOR A PORTION
OF APN 0044-080-230
WAS PERFORMED BY
CHAUDHARY & ASSOCIATES
ON FEBRUARY 25, 2014.
NO EFFORT WAS MADE TO
ANALYZE ANY BOUNDARY
CONFLICTS.

PROPERTY LINES SHOWN
HEREON ARE BASED ON A
PARCEL MAP FILED IN
BOOK 14, PAGE 12-13 IN
THE OFFICE OF SOLANO
COUNTY RECORDER.

PREPARED FOR:
Kristin Philips
PO Box 26
Englewood, FL 34295



**CHAUDHARY**
**& ASSOCIATES, INC.**
ENGINEERS   SURVEYORS   INSPECTORS
211 GATEWAY ROAD WEST, SUITE 204
NAPA, CALIFORNIA 94558
Tel: (707) 255-2729  FAX. (707) 255-5021  WWW.CHAUDHARY.COM

01EX08025.dwg

| | |
|---|---|
| SCALE : 1"=60' | |
| DATE: February 27, 2014 | |
| FILE NO: 08-07-025 | |

**Exhibit B**
**Access Easement**
APN: 0044-080-220 & 230
Solano County, CA
Sheet 2 OF 2

# EXHIBIT "B"

## Subordination Agreements

Recording requested by and
when recorded mail to:


Law Offices of Christopher W.
Sweeney
1300 Oliver Road, Suite 300
Fairfield, CA 94534


### SUBORDINATION AGREEMENT
(Deed of Trust to Easement Agreement)

**NOTICE:  THIS SUBORDINATION AGREEMENT RESULTS IN YOUR DEED OF TRUST BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE ESTATE CREATED BY A LATER EASEMENT AGREEMENT.**

THIS AGREEMENT ("Agreement") is made as of February ___, 2014, by NORTH VALLEY BANK ("Lender") in favor of CORY PHILLIPS and KRISTEN PHILLIPS (collectively "Grantees").

### Recitals

A.  Grantee is the owner of that certain real property located in the City of Fairfield, County of Solano, State of California, commonly known as Assessor's Parcel Number 0045-300-220, which is adjacent to that certain real property owned by Foursons, LLC ("Foursons") located in the City of Fairfield, County of Solano, State of California, commonly known as Assessor's Parcel Number 0045-300-230, as more particularly described on Exhibit A attached hereto and incorporated herein by this reference (hereinafter "the Property").

B.  Grantee and Foursons have entered into an agreement pursuant to which Foursons has granted Grantee an easement over and across a portion of the Property, which agreement was recorded on _____, 2014 as instrument number _____, in the Official Records of the County of Solano County, State of California (hereinafter "Easement and Maintenance Agreement").

C.  On or about September 16, 2008, Foursons executed that certain Construction Deed of Trust in favor of Lender which was recorded in the Official Records of Solano County on September 22, 2008, Instrument Number 200800076400, securing a loan to Foursons (hereinafter "the Deed of Trust").

D.  Lender has agreed, for the benefit of Grantee, to unconditionally subordinate the lien

or charge of the Deed of Trust to the estate created by the Easement and Maintenance
Agreement.

NOW THEREFORE, in consideration of the foregoing and for good and valuable
consideration the receipt and sufficiency of which are hereby acknowledged, Lender agrees for
the benefit of Grantee as follows:

**<u>Agreement</u>**

1.      Subordination.

In consideration of the provisions of the Easement and Maintenance Agreement executed
by Grantee and Foursons on _____ and recorded in the Official Records of the County of
Solano, State of California, as Document No. _____, and to assure Grantee of the
continued benefits accorded it under the Easement and Maintenance Agreement, _____,
Lender agrees that the Deed of Trust, and all of the undersigned's rights thereunder, shall  be
completely and unconditionally subject to and subordinate to the rights of the parties' under the
Easement and Maintenance Agreement and that the priority of the Easement and Maintenance
Agreement will be superior and prior to the  lien or charge of the Deed of Trust without regard to
the date that the Deed of Trust was signed or recorded, and that the Easement and Maintenance
Agreement will survive and remain in full force and effect after any foreclosure or other
enforcement of the Deed of Trust.

Dated: _____

_____
NORTH VALLEY BANK

By:_____
    [Print Name]


Its:_____
    [Title or Position]

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of _____

On _____, before me, _____,

(insert name and title of officer)

personally appeared _____,
who proved to me on the basis satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under Penalty of Perjury under the laws of the State of California that the
foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature:_____          (Seal)

-3-

# Exhibit "A"

# (Legal Description of Plaintiff's Property)

the following described property in the  City of **Fairfield**, County of **Solano**, State of **California**:

**PARCEL 3, AS SHOWN ON THAT CERTAIN PARCEL MAP FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF SOLANO COUNTY ON NOVEMBER 2, 1977 IN BOOK 14 OF PARCEL MAPS, AT PAGES 12 AND 13.**

Recording requested by and
when recorded mail to:


Law Offices of Christopher W.
Sweeney

1300 Oliver Road, Suite 300

Fairfield, CA 94534


## **SUBORDINATION AGREEMENT**
(Deed of Trust to Easement Agreement)

**NOTICE:  THIS SUBORDINATION AGREEMENT RESULTS IN YOUR DEED OF TRUST BECOMING SUBJECT TO AND OF LOWER PRIORITY THAN THE ESTATE CREATED BY A LATER EASEMENT AGREEMENT.**

THIS AGREEMENT ("Agreement") is made as of February ___, 2014, by the US Small Business Administration ("Lender") in favor of CORY PHILLIPS and KRISTEN PHILLIPS (collectively "Grantees").

## **Recitals**

A.  Grantee is the owner of that certain real property located in the City of Fairfield, County of Solano, State of California, commonly known as Assessor's Parcel Number 0045-300-220, which is adjacent to that certain real property owned by Foursons, LLC ("Foursons") located in the City of Fairfield, County of Solano, State of California, commonly known as Assessor's Parcel Number 0045-300-230, as more particularly described on Exhibit A attached hereto and incorporated herein by this reference (hereinafter **"**the Property**"**).

B.  Grantee and Foursons have entered into an agreement pursuant to which Foursons has granted Grantee an easement over and across a portion of the Property, which agreement was recorded on _____, 2014 as instrument number _____, in the Official Records of the County of Solano County, State of California (hereinafter "Easement and Maintenance Agreement").

C.  On or about May 4, 2009, Foursons executed that certain Deed of Trust in favor of Lender which was recorded in the Official Records of Solano County on June 9, 2009, Instrument Number 200900048278, securing a loan to Foursons (hereinafter"the Deed of Trust").

D.  Lender has agreed, for the benefit of Grantee, to unconditionally subordinate the lien or charge of the Deed of Trust to the estate created by the Easement and Maintenance

Agreement.

NOW THEREFORE, in consideration of the foregoing and for good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, Lender agrees for the benefit of Grantee as follows:

**Agreement**

1.      Subordination.

In consideration of the provisions of the Easement and Maintenance Agreement executed by Grantee and Foursons on _____ and recorded in the Official Records of the County of Solano, State of California, as Document No. _____, and to assure Grantee of the continued benefits accorded it under the Easement and Maintenance Agreement, _____, Lender agrees that the Deed of Trust, and all of the undersigned's rights thereunder, shall  be completely and unconditionally subject to and subordinate to the rights of the parties' under the Easement and Maintenance Agreement and that the priority of the Easement and Maintenance Agreement will be superior and prior to the  lien or charge of the Deed of Trust without regard to the date that the Deed of Trust was signed or recorded, and that the Easement and Maintenance Agreement will survive and remain in full force and effect after any foreclosure or other enforcement of the Deed of Trust.

Dated: _____

_____  _____

US SMALL BUSINESS ADMINISTRATION

By:_____
    [Print Name]


Its:_____
    [Title or Position]

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

State of California

County of _____

On _____, before me, _____,
_____(insert name and title of officer)
personally appeared _____,
who proved to me on the basis satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under Penalty of Perjury under the laws of the State of California that the
foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature:_____          (Seal)

# Exhibit "A"

# <u>(Legal Description of Plaintiff's Property)</u>

the following described property in the  City of **Fairfield**, County of **Solano**, State of **California**:

**PARCEL 3, AS SHOWN ON THAT CERTAIN PARCEL MAP FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF SOLANO COUNTY ON NOVEMBER 2, 1977 IN BOOK 14 OF PARCEL MAPS, AT PAGES 12 AND 13.**